UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-3067 |
| | ) | |
| $10,000.00 UNITED STATES CURRENCY | ) | |
| (Asset Identification Number:  18-CBP-00276), | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney for the

Southern District of Indiana, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6) because

the defendant property constitutes proceeds of, or is property used to facilitate, a violation of the

Controlled Substances Act.

## PARTIES, JURISDICTION, AND VENUE

2.       The defendant property is Ten Thousand Dollars in United States Currency

("$10,000.00" or the "Defendant Currency") seized by the Indiana State Police while working

with a federal/state task force on December 8, 2017.   The Defendant Currency was seized from

a package that had been addressed to R Voorhees, 122 Calistoga Rd. #605, Santa Rosa, CA

95409, bearing a shipper address of C Stevens, 1064 Pine St., Fall River, MA 02723.

3.      The Defendant Currency was seized at a parcel hub in Indianapolis, Indiana and is

now in the custody of the United States Department of Homeland Security, Customs and Border

1

Protection ("CBP").    The Defendant Currency has been assigned Asset Identification Number 18-CBP-000276.

4.       This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in district in which any of the acts giving rise to the forfeiture occurred).

5.       This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6.       This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## FACTS

7.       Parcel/bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies to transport illegal controlled substances and their proceeds.   Parcels may be identified by task force officers as suspicious when they meet some of several characteristics.   For instance, a parcel may be mailed priority overnight to a state known to be a source for the importation of controlled substances.

8.       Legitimate overnight parcels are typically sent by a business to a business, not generally from one individual to another.   Typically, individuals do not send packages by the more expensive overnight delivery service.   Narcotics traffickers know that packages sent by delivery services, especially overnight deliveries, are protected from inspection without a search

warrant.   They know that any delay may indicate a compromised parcel.   Traffickers will often use multi-layered packaging in an attempt to avoid detection by trained drug detection canines. The layered packaging appears to be an attempt to mask or prevent any odors from escaping.

9.     Based on information and experience, task force officers identify suspicious packages with a number of indicators, such as newly bought boxes purchased from the shipping company, excessive external tape at the box's seams, and shipping labels identifying overnight priority shipping paid for with cash.   Smugglers often use fictitious addresses and phone numbers.   The label may be handwritten and not list a business account number.   Suspicious labels are often missing a full name and/or do not provide a telephone number.

10.     On December 7, 2017, a package (the "suspect parcel") was submitted to a shipping company for delivery, paid for with cash for priority overnight delivery.   The suspect parcel was a brown cardboard box with the following information on its shipping label:

Sender:         C Stevens, 1064 Pine St., Fall River, MA 02733

Addressed To: R Voorhees, 122 Calistoga Rd. #605, Santa Rosa, CA 95409

Description:    Tracking # 78810531985, weighing 1.90 pounds

There was no telephone number provided for the sender or the recipient.

11.     The suspect parcel was being sent to a shipping store by an individual, non-business sender to an individual, non-business recipient.   No signature for the recipient was required.   The suspect parcel was wrapped with more tape than necessary.

12.     The United States Department of Homeland Security, Homeland Security Investigations ("HSI") conducted on December 8, 2017 a task force interdiction operation at a parcel shipping hub in Indianapolis, working with officers of the Indiana State Police ("ISP") and the Indianapolis Metropolitan Police Department ("IMPD").   Task force officers had

3

consent from the shipping company to observe parcels as they were being processed.   Officers

noticed the suspect parcel had some of the above-noted characteristics, including having only an

initial instead of first names for the sender and recipient.   In the officers' training and

experience, California is commonly a source state for controlled substances.

13.     The suspect parcel was placed with other similar parcels in an area behind the sort

lines.   An IMPD officer had his certified drug detection canine sniff each of the parcels.   The

canine positively alerted to only the suspect parcel.

14.     The canine utilized here had over five years of service as a narcotics detection

canine; the canine and the IMPD officer had been certified annually by the American Working

Dogs Association and Ultimate K9 Group as a narcotics detection team.   The canine had been

trained and certified in the detection by odor of marijuana, cocaine, crack cocaine, heroin,

MDMA, and methamphetamine.   The canine had been trained not to alert to uncontaminated

currency.

15.     The IMPD officer applied for a search warrant for the suspect parcel based on its

suspicious appearance and the drug detection canine's positive alert.   On December 8, 2017, a

Marion Superior Court Judge issued the search warrant upon a determination of probable cause.

16.     The task force officers then opened the suspect parcel.   They found inside it a tin

box, with a "Merry Christmas" design, wrapped in plastic bubble wrap.   The tin box contained

three foil-wrapped bundles of rubber-banded United States Currency.



17.     The suspect parcel did not contain any notes, receipts, or instructions.   In the experience of task force officers, narcotics traffickers rarely include any type of instruction with the currency, whereas legitimate business items or personal gifts typically contain such notes, letters, receipts, cards, or coupons along with the currency or monetary instruments.

18.     The currency consisted of 450 twenty-dollar bills and 20 fifty-dollar bills.

19.     After the currency was removed from its packaging, it was placed in a separate, uncontaminated area.   A blind search was conducted using the drug detection canine, and the canine positively alerted to the currency.

21.     According to the shipping company's policies, several kinds of items – including currency, narcotics, and psychotropic substances – are not accepted for carriage.

22.     All evidence was turned over to the ISP for processing and handling.   Further investigation revealed that a Christopher Stevens was associated with the shipper address and a Roxanne Voorhees was associated with the recipient address.

## ADMINISTRATIVE HISTORY

23.     On February 7, 2018, upon motion by the Marion County Prosecutor's Office, the Marion Superior Court issued a turnover order transferring the Defendant Currency to the United States.   The Defendant Currency was converted to a cashier's check, which remains in the custody of CBP.   CBP then mailed timely notices of seizure to Voorhees and Stevens.

24.     Voorhees sent CBP a signed abandonment form.   Stevens sent CBP a petition seeking relief from forfeiture.   In the petition, Stevens claimed that he mailed the $10,000.00 to Voorhees via Federal Express.   Stevens claimed that Voorhees "acquires vehicles through auctions and I was sending her the money to purchase and ship a 2007 Mini Cooper VIN WMWM*************."   Stevens further claimed, "Ms. Voorhees is currently in possession

of said vehicle and the title, I have enclosed a copy."

25.    Upon receiving Stevens's petition, a CBP officer conducted internet searches for 2007 Mini Coopers being sold within 200 miles of Stevens's home in Massachusetts.   That search found fourteen such vehicles for sale with prices ranging from $3,500 to $7,900.

26.    CBP issued its decision denying Stevens's petition and later referred the matter to the United States Attorney to initiate a judicial forfeiture proceeding against the Defendant Currency.   No other claims or petitions were received for the Defendant Currency.

## PERTINENT STATUTES

27.    Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance.

28.    Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## CLAIM FOR RELIEF

29.    Based on the allegations above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the

arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all

parties to appear and show cause why the forfeiture should not be decreed; that judgment be

entered declaring the defendant property be forfeited to the United States for disposition

according to law; and that the United States be granted any relief this Court may deem just and

proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:      s/Eric P. Babbs
Eric P. Babbs
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Jonathan Cotteleer, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: __10/2/2018__                        _____
                                            Jonathan Cotteleer
                                            Special Agent, HSI

Case 1:18-cv-03067-SEB-MJD Document 1-1 Filed 10/04/18 Page 1 of 2 PageID #: 10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

❏ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
       Proceeding

❏ 2  Removed from
       State Court

❏ 3  Remanded from
       Appellate Court

❏ 4  Reinstated or
       Reopened

❏ 5  Transferred from
       Another District
       *(specify)*

❏ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                                    DOCKET NUMBER

DATE                                         SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                  AMOUNT                         APPLYING IFP                         JUDGE                         MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.**  Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-3067 |
| | ) | |
| $10,000.00 UNITED STATES CURRENCY | ) | |
| (Asset Identification Number:  18-CBP-00276), | ) | |
| | ) | |
| Defendant. | ) | |

**<u>WARRANT FOR ARREST OF PROPERTY</u>**

TO:     ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the _____

day of _____, 2018, by Josh J. Minkler, United States Attorney for the Southern District of

Indiana, against Ten Thousand dollars United States Currency, defendants herein, for reasons

and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant

property into the possession of the United States Department of Homeland Security, Customs

and Border Protection ("CBP") for the Southern District of Indiana, to be detained in the

possession of the CBP until further order of this Court, and you will make return thereon not

later than ten (10) days after execution of process.

Dated: _____               _____

Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Distribution:

Christopher Stevens
1064 Pine St.
Fall River, MA   02723

Roxanne Voorhees
122 Calistoga Rd., #605
Santa Rosa, CA   95409

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.